**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FADY KASSEM,                          :
                                     :
        Plaintiff,                    :
                                     :
    v.                                : Civil Action No. 05-2352 (JR)
                                     :
WASHINGTON HOSPITAL CENTER,           :
                                     :
        Defendant.                    :

**MEMORANDUM**

This Court's previous dismissal of plaintiff's complaint for wrongful discharge and intentional infliction of emotional distress was affirmed in part and reversed in part by the Court of Appeals, 513 F.3d 251 (D.C. Cir. 2008). The reversal related to plaintiff's claim for intentional infliction of emotional distress which, the Court held, could not be dismissed at the pleading stage, because it alleges that the defendant "intentionally filed a false charge against [plaintiff] with the NRC -- a charge that could have prevented him from working as a nuclear technologist and subject him to criminal penalties" and thus "had . . . consequence other than an adverse employment action. . . ." Id. at 256. The parties took discovery after the remand, and defendant has now moved for summary judgment. The motion correctly asserts that the case now "hinges on a single issue -- whether the Washington Hospital Center intentionally filed a false report with the Nuclear

Regulatory Commission stating that plaintiff was involved in an NRC violation." The motion has been fully briefed. The plaintiff has neither adduced any evidence that gives rise to a genuine issue of material fact nor pointed to anything in the record that does so. The defendant is entitled to judgment.

The allegations of Kassem's complaint that captured the attention of the Court of Appeals, and that had to be taken as true for purposes of a motion to dismiss, turned out at the summary judgment stage to be completely unsupported and even (apparently) abandoned. Thus, the allegation that "the Hospital fabricated evidence and pressured Kassem to corroborate it," 513 F.3d at 253, citing compl. ¶¶ 23, 24, is not mentioned in either side's summary judgment papers. The statement attributed by plaintiff in his complaint to a member of the Hospital's investigative team, that "if he said 'what they wanted to hear to make the investigation complete, then he would be able to save his visa and his livelihood and wouldn't be kicked out of the country,'", id., citing compl. ¶ 24, is not repeated in the summary judgment papers. Nor is plaintiff's allegation, compl. ¶ 48, that WHC "made false statements about [Kassem] to the NRC with the intent of inducing the NRC to initiate disciplinary action against" him. 513 F.3d at 253.

Kassem's opposition to the motion for summary judgment focuses, not on WHC's decision to approach the NRC about an

- 2 -

apparent serious violation of NRC regulation, but rather on the <u>merits</u> of the question whether Kassem was involved or not in the unauthorized use of nuclear material. Thus Kassem asserts that the statement made by Lawrence Dioh (who allegedly was injected with nuclear material) was "false under oath." He denies that he gave an injection to Dioh, emphasizes that the investigation done by the NRC failed to implicate him, and insists that the investigation was "irreparably flawed," decl. of Fady Fassem at ¶ 4. But he offers no evidence, nor does he point to anything in the record, to dispute WHC's well supported factual statements: that no renal scan was ordered by a physician for the date in question; that no authorized renal scan was performed on that date; that, on that date, plaintiff had ordered radioactive isotopes that are only used for renal scans; or that the Hospital, concluding that an unauthorized renal scan had been performed, decided to report the event. Kassem's claim that WHC "intentionally filed a false charge against him with the NRC," compl. ¶¶ 48, 50, 513 F.3d at 256, if proven, could have amounted to intentional infliction of emotional distress, as the Court of Appeals held. After conducting discovery, however, plaintiff has shown himself unable to support that charge with anything except the *ipse dixit* of his own declaration.

An order granting WHC's motion is issued with this memorandum.


                                 JAMES ROBERTSON
                         United States District Judge